May I please the court? I have nothing to add to my brief. I would be more than happy to answer any questions the court has. The issue is as I set it out and the issues presented. I have a couple of questions for the government on jurisdiction, but I think yours is set out pretty well in your brief on that point. If he has anything I will report it. All right, thank you. May I please the court? I'm Russ Rado appearing on behalf of the government. And with that introduction, your honor, I'll respond to your questions if you wish. All right, thank you. Your position is that there is not jurisdiction to review this matter. My question is if you take it as framed and that is that there is a potential legal error in the standard of review imposed, why wouldn't that be reviewable as opposed to the exercise of the discretion underlying the application of the standard of review? Fair question. It strikes me that that question could be raised in every circumstance in which the court is exercising its discretion. And question could be raised in any circumstance in which the district court is exercising discretion to determine whether there is sufficient evidence, whether the evidence meets the burden of proof, and ultimately is determining that it will decline the discretion to provide probation, and in this case a special kind of probation for a first offender. Well, what if it's unconstitutional? What if that provision is unconstitutional as framed because of the disparate impact it would have on this particular individual? Isn't that something that we ought to be able to review? As a matter of first impression, yes. Any other questions? No? I think the briefing is quite appropriate and adequate on all this. And we have nothing further unless you would like to add something. All right, thank you. The case of United States v. Gonzalez is submitted. Next for argument is Caldwell v. Amend. Thank you.
judges: Goodwin, McKeown, Fisher